# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | **Case No. 15-60002-TLM** |
| **KENNETH R. MERIWETHER and** | ) | |
| **MARGIT G. MERIWETHER,** | ) | |
| | ) | **Chapter 11** |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| **KENNETH R. MERIWETHER and** | ) | |
| **MARGIT G. MERIWETHER,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Adv. No. 16-00042-TLM** |
| | ) | |
| **NEXTGEAR CAPITAL, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION

### BACKGROUND AND FACTS

Kenneth Meriwether is the owner of Meriwether Cars, Inc. ("Meriwether Cars"). Doc. No. 1 at 2. Meriwether Cars was formerly known as Ken's Cars, Inc., which did business under the assumed name of All American Auto. *Id.* (Meriwether Cars, Ken's Cars, Inc. and All American Auto are collectively referred to herein as "Ken's Cars").

MEMORANDUM OF DECISION - 1

Ken's Cars was in the business of buying and selling used cars. On July 30, 2013, Ken's Cars entered into a Demand Promissory Note Agreement and Loan Security Agreement (the "Note") with NextGear Capital, Inc. ("NextGear") in order to finance the purchase of inventory for Ken's Cars. Kenneth and Margit Meriwether ("Debtors") personally guaranteed the Note. Thereafter, NextGear made principal advances on the Note and assessed fees and other expenses.

On January 4, 2015, Debtors filed a petition for bankruptcy relief under chapter 11.[1] NextGear filed a proof of claim in the amount of $111,038.03. On July 6, 2016, Debtors filed a complaint against NextGear initiating the current adversary proceeding. Debtors' complaint alleges that the amount of interest and fees charged by NextGear violated Montana usury law. Doc. No. 1 at 4.

On October 31, 2016, NextGear filed a motion to dismiss Debtors' complaint, to which Debtors objected. At a hearing on February 24, 2017, the parties presented argument and the matter was taken under advisement.

## DISCUSSION AND DISPOSITION

NextGear seeks dismissal of the Meriwethers' complaint on two bases. First, NextGear seeks dismissal pursuant to Civil Rule 12(b)(1), incorporated under Rule 7012(b), arguing that the Court lacks subject-matter jurisdiction over

---

[1] Unless otherwise indicated, all statutory references and citations are to the Bankruptcy Code, Title 11, U.S. Code §§ 101–1532. References to Rule are to the Federal Rules of Bankruptcy Procedure 1001–9037, and those to Civil Rule are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 2

Debtors' usury claim.  Second, NextGear seeks dismissal pursuant to Civil Rule 12(b)(6), arguing that Debtors' complaint fails to state a claim upon which relief can be granted.

### A.    Motion to Admit Evidence

As a preliminary matter, the Court must address NextGear's motion to admit exhibits.  At the conclusion of its oral argument, NextGear made an motion to admit exhibits A, B, and C, which are the Note; Debtors' guarantees; and NextGear's proof of claim.  Debtors did not object.

Civil Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  The Court has determined, in the exercise of its discretion, that it will not consider the exhibits proffered by NextGear.  It chooses, instead, to limit its analysis to the pleadings, in order to determine if this is the unusual case that warrants a judgment of dismissal on those documents alone.  NextGear's motion to admit exhibits A, B, and C will therefore be denied.

### B.    Civil Rule 12(b)(1) Motion to Dismiss

NextGear seeks dismissal of Debtors' complaint pursuant to Civil Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction over the Debtors' usury claim.  Debtors, as the parties seeking to invoke the court's jurisdiction, bear the burden of establishing subject matter jurisdiction.  *Tosco Corp. v. Comtys. for*

MEMORANDUM OF DECISION - 3

*Better Env't*, 236 F.3d 495, 499 (9th Cir.2001).  The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

In 28 U.S.C. § 1334(b), Congress conferred upon federal district courts original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  Section 157(a) of Title 28 permits federal district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to bankruptcy courts. The United States District Court for the District of Montana made such a referral in Standing Order 12 (Revised), dated December 9, 2009.

In bankruptcy, the terms "arising under" and "arising in" are "terms of art." *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1076 (9th Cir. 1991).  The Ninth Circuit has analyzed jurisdiction "arising in" and "arising under" the Bankruptcy Code.  *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131–36 (9th Cir. 2010).  A proceeding "arises under" the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, *i.e.*, if it involves a cause of action created or determined by a statutory provision of the Code.  *Id.* at 1131.  A matter "arises in" a bankruptcy case if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code.  *Id.* at 1131

MEMORANDUM OF DECISION - 4

(citing *Marshall v. Stern (In re Marshall)*, 600 F.3d 1037, 1054–55 (9th Cir. 2010)).

This Court also has jurisdiction over matters that are "related to" a bankruptcy case. "A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) (internal quotation marks omitted). The Ninth Circuit adopted a "close nexus" test for determining related to jurisdiction when the subject proceeding arises after confirmation of a plan. *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193–95 (9th Cir. 2005).[2]

This adversary proceeding was commenced as a result of NextGear filing a proof of claim and Debtors disputing the validity and amount of such claim. Debtors allege that NextGear violated Montana usury law and that the penalties for such violation would offset Debtors' liability to NextGear on its proof of claim.[3] The filing of a proof of claim is a matter that exists based on "a substantive

---

[2] The parties mistakenly cite the test for related to jurisdiction articulated in *Pacor, Inc., v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984), which was adopted by the Ninth Circuit in *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). That test provides "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Pacor*, 743 F.2d at 994. However, the Ninth Circuit adopted a separate, "close nexus" test for related to jurisdiction in post-confirmation proceedings.

[3] Debtors cite to Mont. Code Ann. §§ 31-1-107 and 31-1-108, as addressed in more detail below.

MEMORANDUM OF DECISION - 5

provision of bankruptcy law." *Ray*, 624 F.3d at 1131. "In a very pragmatic sense, . . . the act of filing a claim constitutes the foundation for creditor participation" in a bankruptcy case. *B–Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 233 (9th Cir. BAP 2008).

When a claim is filed and the validity or amount of the claim is challenged, the claims must go through the claim allowance process set forth in § 502 before the claim holder is entitled to participate in the distribution of the estate assets. *HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim)*, 893 F.3d 477, 484–85 (9th Cir. 2015). Resolving disputes as to proofs of claim is an important aspect of bankruptcy administration, central to adjustments in debtor/creditor relationships. The resolution of such disputes requires the Court to look to the underlying substantive law creating a debtors' obligations. *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 20 (2000). The "basic federal rule" in bankruptcy is that state law governs the substance of claims. *Id*; *see also* § 502(b)(1) (providing for disallowance of claims that are unenforceable under an agreement or "applicable law" which would include state law); 4 *Collier on Bankruptcy* ¶ 502.03[2][b][ii] (noting that "[o]ne defense under state law that is sometimes available to the debtor, and thus to the trustee, is usury. This defense, being one of state law, must be applied in strict accordance with such law.").

NextGear argues that this Court lacks jurisdiction because Debtors' usury

MEMORANDUM OF DECISION - 6

claim "could proceed in another court, specifically, in Indiana state court, where Ken's Cars agreed to litigate all claims related to the Note." *See* Doc. No. 18 at 4–8. The fact that Debtors' usury claim might be able to proceed in Indiana state court is not determinative. The confirmed plan in the Chapter 11 case specifically addressed and reserved for this adversary proceeding Debtors' objection to NextGear's claim. *See* Case No. 15-60002 at Doc. No. 123 at 4. Determination of the validity and amount of NextGear's claim is the gravamen of this adversary proceeding, and this Court has jurisdiction over bankruptcy claim disputes. This Court has the obligation to resolve the dispute regarding NextGear's claim in order to determine the "amount of such claim." *See* § 502(b). In so resolving disputes, bankruptcy courts are regularly required to look to state law—in this case, Montana law—in order to determine the validity and amount of the claim.

The resolution of claim disputes using state substantive law squarely fits within the definition of "arises in." As applied here, resolving the claim dispute using Montana usury law is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum (resolution of claim disputes in the bankruptcy court), but whose cause of action is not expressly rooted in the Bankruptcy Code (in this case, Montana usury law).

The Court holds that Debtors' Montana state law usury claim against

MEMORANDUM OF DECISION - 7

NextGear in the context of its claim dispute arises in a case under Title 11 and this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).  NextGear's Civil Rule 12(b)(1) motion to dismiss for lack of jurisdiction will therefore be denied.

### C.      Civil Rule 12(b)(6) Motion to Dismiss

Pursuant to Rule 12(b)(6), NextGear argues that Debtors' complaint should be dismissed because it fails to state a claim upon which relief can be granted.  In addressing a Civil Rule 12(b)(6) challenge, a court accepts all nonconclusory factual allegations in the complaint as true, and construes the pleading in the light most favorable to the nonmoving party.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Tanner v. Heise,* 879 F.2d 572, 576 (9th Cir. 1989).  Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1196 (9th Cir.1998).

To survive a motion to dismiss under Civil Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 677–678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.

MEMORANDUM OF DECISION - 8

Debtors' complaint alleges NextGear violated Montana law prohibiting charging usurious rates of interest. Montana Code § 31-1-107, upon which Debtors' claim against NextGear relies, provides:

> (1) Parties may agree in writing to the payment of any rate of interest that does not exceed the greater of 15% or an amount that is 6 percentage points per year above the prime rate published by the federal reserve system in its statistical release H.15 Selected Interest Rates for bank prime loans dated 3 business days prior to the execution of the agreement. Interest must be allowed according to the terms of the agreement.
>
> (2) A loan that is not usurious when made is lawful for the duration of the loan, provided the loan agreement is not substantially changed. This subsection does not apply to loan renewals.
>
> (3) The provisions of this section do not apply to regulated lenders as defined in 31-1-111.

As a penalty for charging a usurious rate of interest, Montana Code § 31-1-108 provides:

> (1) The taking, receiving, reserving, or charging a rate of interest greater than is allowed by 31-1-107 must be considered a forfeiture of a sum double the amount of interest that the note, bill, or other evidence of debt carries or that has been agreed to be paid on the note, bill, or other evidence of debt.
>
> (2) When a greater rate of interest has been paid, the person by whom it has been paid or the person's heirs, assigns, executors, or administrators may recover from the person, firm, or corporation taking, receiving, reserving, or charging interest a sum double the amount of interest paid, provided that the action must be brought within 2 years after the payment of the interest, and provided that, before any suit may be brought to recover the usurious interest, the party bringing suit makes written demand for return of the interest paid.

Debtors' complaint alleges that, in addition to the rate of interest required

MEMORANDUM OF DECISION - 9

under the Note, NextGear charged substantial fees and other expenses, all of which combined amount to a usurious rate of interest.  Debtors allege that NextGear charged usurious interest in the amount of $137,678.14 and that Debtors paid $68,843.57 in interest during the two year period preceding their filing a petition for bankruptcy relief on January 4, 2015.  Doc. No. 1 at 5.  As a result, Debtors allege they are entitled to damages from NextGear in the amount of $137,687.14—double the amount of interest paid by Debtors—and $233,629.50—double the amount of interest charged by NextGear.  *See* Mont. Code Ann. § 31-1-108.

In addition to seeking a judgment against NextGear for damages, Debtors seek disallowance of NextGear's proof of claim.  Debtors' basis for the remedy sought is their belief that, if successful in obtaining a judgment for either of the amounts sought above, such judgment would offset the $111,038.03 proof of claim filed by NextGear, effectively negating NextGear's proof of claim.

In defending against Debtors' assertions, and in support of its motion to dismiss, NextGear argues it is exempt from usury interest limits.  Accordingly, NextGear claims Debtors cannot state a claim upon which relief can be granted. Montana Code § 31-1-112(2) provides that "A finance operation that finances transactions between merchants" is exempt from usury limits.  NextGear claims that it is a "financing operation," that Ken's Cars is a "merchant," and that the transactions financed were between Ken's Cars and Dealer's Auto Auction,

MEMORANDUM OF DECISION - 10

16

another "merchant."  NextGear further argues that any usury claim that might exist belongs to Ken's Cars and not Debtors.

At this early stage in the adversary proceeding and given the limitations of what the Court can properly, and here does, consider on a Civil Rule 12(b)(6) motion, the Court cannot determine that NextGear is exempt from usury interest limits under Montana Code § 31-1-112(2) or that Debtors lack standing to bring a usury claim against NextGear.

Taking all allegations of fact in the complaint as true and construing them in the light most favorable to Debtors, the Court finds that Debtors' complaint has facial plausibility.  Thus, it would be error for the Court to dismiss the complaint for failing to state a claim.

**CONCLUSION**

For the foregoing reasons, NextGear's oral motion to admit evidence and its motion to dismiss, Doc. No. 18, will be denied.  An appropriated order will be entered.

DATED:  March 23, 2017

TERRY L. MYERS
U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 11